IN THE CIRCUIT COURT OF YAZOO COUNTY, MISSISSIPPI

DARRIAN INGRAM                                                        PLAINTIFF

VS.                                                            CAUSE NO.: 2015-CI-26

OASIS HEALTH AND REHAB
OF YAZOO CITY, LLC                                            DEFENDANT

## COMPLAINT

COMES NOW, PLAINTIFF, DARRIAN INGRAM, by and through counsel, and files this cause of action against the Defendant, OASIS HEALTH AND REHAB, in support hereof would show unto the Court the following facts, to-wit:

### I. JURISDICTION AND VENUE

1. This is a civil action seeking money damages for the personal injuries suffered by DARRIAN INGRAM while he was a resident of OASIS HEALTH AND REHAB OF YAZOO CITY, LLC.

2. The incidents complained of herein occurred at OASIS HEALTH AND REHAB OF YAZOO CITY, LLC in Yazoo City, Yazoo County, Mississippi.

### II. PARTIES

3. Plaintiff, DARRIAN INGRAM, is an adult resident citizen of Leflore County, Mississippi.

4. The Defendant, OASIS HEALTH AND REHAB OF YAZOO CITY, LLC is a corporation doing business in Mississippi and it may be served with process through its registered agent for service of process: CORPORATION SERVICE COMPANY, 506 South President Street, Jackson, Mississippi 39201-5301.

EXHIBIT A

FILED
ROBERT COLEMAN, CIRCUIT CLERK
JUN 3 0 2015
BY _____ D.C.

5. The Defendant, **OASIS HEALTH AND REHAB OF YAZOO CITY, LLC** may be served with process through its Administrator James Williams at 925 Calhoun Avenue, Yazoo City, Mississippi 39194.

### III. CAUSE OF ACTION:

### Negligence and Gross Negligence

6. At all relevant times hereto, DARRIAN INGRAM, was a resident at OASIS HEALTH AND REHAB OF YAZZO CITY, LLC ("nursing home") in need of care and assistance due to his age, infirmity and disability.

7. While a resident at the nursing home DARRIAN INGRAM suffered a Stage IV decubitus ulcer and other injuries, and exacerbation of said injuries that were proximately caused by the negligent and gross negligent acts of the nursing home as described herein below.

8. Darrian Ingram's medical condition upon admission to the nursing home and throughout his stay caused him to be in need of the nursing staff for hydration, nutrition, prevention of injuries and other activities of daily living. Darrian Ingram, and indeed his family, relied upon the nursing home to recognize the significant and changing medical condition and to make timely and appropriate medical transfers, medical consultations, and care and treatment consistent with the degree, extent and change of his medical condition.

9. The personal injuries sustained by Darrian Ingram were due solely to the negligence, gross negligence, and careless acts of the nursing home. The nursing home had a duty to provide care to Darrian Ingram commensurate with his age, infirmity, and

2

disability. The nursing home is liable under the doctrine of respondeat superior for any tortious acts of its employees that are committed within the scope of the employees' duties. At the time of the incidents complained of herein, the nursing home was guilty of negligent acts proximately causing the personal injuries of Darrian Ingram in the following respects:

(a) Failure to assess the condition of Darrian Ingram;

(b) Failure to properly monitor the condition of Darrian Ingram and significant changes in his condition;

(c) Failure to provide adequate hydration and nutrition to Darrian Ingram;

(d) Failure to develop an adequate or appropriate care plan, relating to the decubitius ulcers and other medical conditions of Darrian Ingram;

(e) Failure to get timely medical treatment for the decubitus ulcers;

(f) Failure to provide adequate care following the development of the decubitus ulcers to Darrian Ingram;

(g) Failure to consult or timely consult physician regarding decubitus ulcers;

(h) Failure to inform the physician or to keep the physician informed of the significant changes relating to the decubitus ulcers;

(i) Failure to implement care plan relating to Darrian Ingram;

(j) Failure to prevent pressure ulcers to Darrian Ingram;

(k) Failure to appropriately treat pressure ulcers of Darrian Ingram;

(l) Failure to prevent malnutrition to Darrian Ingram;

(m) Failure to prevent weight loss to Darrian Ingram;

(n) Failure to properly evaluate Darrian Ingram so as to provide appropriate care;

3

(o) Failed to timely obtain medical treatment;

(p) The failure to provide sufficient numbers of personnel, including nurses, nurse assistant, medication aides, orderlies, to meet the total needs of Darrian Ingram in conjunction with the needs of other residents of the nursing home;

(q) The failure to adequately screen, evaluate, and check references, test for competence and use ordinary care in selecting nursing personnel to work at the nursing home;

(r) The failure to terminate employees at the nursing home assigned to care for Darrian Ingram that were known to be careless, incompetent or unwilling to comply with the policies and procedures of the nursing home and the rules and regulations promulgated by Mississippi Department of Health (MDH) and Mississippi Department of Human Services (MDHS).

(s) The failure to adequately assess, evaluate and supervise registered nurses, licensed vocational nurses, nurses aides or assistants, medication assistants, dietary personnel and laundry personnel so as to assure that Darrian Ingram received good, proper nursing care in accordance with the nursing home's policies and procedures manuals, the MDHS minimum standards of participation for skilled nursing facilities, the MDH minimum licensing standards for nursing homes, and the regulations of the U.S. Department of Health and Human Services.

(t) The failure to adequately supervise and monitor the job performance of the Administrator of the nursing home.

(u) The failure to adequately supervise and monitor the job performance of the

4

Director of the Nurses at the nursing home.

(v) The failure to provide a nursing staff that was properly manned, qualified, trained and motivated.

(w) The failure to assign nursing personnel at the nursing home duties consistent with their education and experience based on: (1) Darrian Ingram's medication history and condition, nursing and rehabilitative needs; (2) the characteristics of the patient population residing on the wing where Darrian Ingram was a patient, and (3) the nursing skills needed to provide care to such patient population.

(x) The failure to establish, publish and /or adhere to policies for nursing personnel concerning the care and treatment of residents with nursing, medical and psychosocial needs similar to those of Darrian Ingram;

(y) The failure to provide and assure an adequate nursing care plan based on the needs of Darrian Ingram at the time of his admission to the nursing home.

(z) The failure to provide and assure, adequate nursing care plan revisions and modification as the needs of Darrian Ingram changed.

(aa)    The failure to implement and assure that an adequate nursing care plan for Darrian Ingram was followed by nursing personnel.

(bb) The failure to adopt adequate guidelines, policies and procedures for: (a) investigating the relevant facts underlying any <u>deficiencies or licensure</u> violations allies found to exist at the nursing home by the MDH or any state or federal survey agency; (b) the cause of any such deficiency, violation, or penalty; and (c) the method and means for correcting deficiencies or licensure violations or penalties found to exist at the nursing home;

(cc) The failure to adopt adequate guidelines, policies, and procedures for determining whether the nursing home had sufficient numbers of nursing personnel which includes registered and licensed vocational nurses, nurse assistants, medication assistants, orderlies, and other staff to: (1) provide 24-hour nursing services; (2) meet the needs of residents who are admitted to and remain in the facility; and (3) meet the total nursing needs or recipient-patients.

(dd) The failure to adopt adequate guidelines, policies and procedures of the nursing home for documenting, maintaining files, investigating and responding to any complaint regarding the quantity of patient care, the quality of patient care or misconduct by employees at the nursing home, no matter whether such complaint derives from a resident of said facility; an employee of the facility; or any interested person.

(ee) The failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in patient care at the nursing home.

(ff) The failure by the members of the governing body of the nursing home to discharge their legal and lawful obligations by (1) assuring that the rules and regulations designed to protect the health and safety of patients, such as Darrian Ingram, as promulgated by the Mississippi Department of Health and the Mississippi Department of Human Services were consistently complied with on an ongoing basis; (2) assuring that the patient care policies for the nursing home were consistently complied with on an ongoing basis; (3) assuring that the policy and procedure manuals for the nursing home were updated and modified to address problems which consistently emerged at the facility; and (4) responsibly

6

assuring that appropriate corrective measures were implemented to cure problems concerning inadequate patient care.

10. The negligent acts of the Defendant are in violation of the Minimum Standards of Operation For Institutions for the Aged or Infirm as adopted by Mississippi State Department of Health.

11. The negligent acts of the Defendant are further in violation of the National Standard of Care Created by Medicare Regulations.

## IV. INJURIES

12. The Plaintiff, herein re-alleges all previous paragraphs herein above as if fully reprinted herein.

13. Darrian Ingram suffered significant bodily injuries.

14. Darrian Ingram suffered decubitus ulcers and other injuries as aforedescribed and he underwent severe pain and suffering from the time of injuries until now.

## V. DAMAGES

15. The Plaintiff, herein, alleges that Darrian Ingram is entitled to recover from the Defendant, who proximately caused the injuries which resulted in pain and suffering and all of the damages allowable in the following manner and respects:

(a) Past and present physical pain suffered by the Darrian Ingram;

(b) Past and present mental anguish suffered by Darrian;

(c) Past, present and future medical and related expenses;

WHEREFORE, the Plaintiff sues and demands judgment from and against the Defendant, **OASIS HEALTH AND REHAB OF YAZOO CITY, LLC** for an amount

that is sufficient to cover all of the actual and compensatory damages applicable under the law plus costs of this proceeding and for punitive damages in an amount to deter the Defendant from future behavior as described herein.

Respectfully submitted, this the 25th day of March, 2015.

BOONE LAW FIRM, P.A.

BY: _____
Levi Boone, III, MSB# 3686
Attorney for Plaintiff

*OF COUNSEL:*

BOONE LAW FIRM, P.A.
401 West Sunflower Road
P. O. Box 1772
Cleveland, MS 38732
Telephone: (662) 843-7946
Facsimile: (662) 843-7950

## IN THE CIRCUIT COURT OF YAZOO COUNTY, MISSISSIPPI

**DARRIAN INGRAM**                                                                                   **PLAINTIFF**

VS.

CAUSE NO.: 2015-CI-26

**OASIS HEALTH AND REHAB
OF YAZOO CITY, LLC**

**DEFENDANT**

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

COMES NOW, the Plaintiff, Darrian Ingram, by and through the undersigned attorney, Levi Boone, III, and propound PLAINTIFFF(S)' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT(S) pursuant to Mississippi Rules of Civil Procedure, to be answered completely and under oath.

### INTERROGATORY NUMBER 1:

What is the name, last known address, present whereabouts, telephone number, and place of employment of each person known or believed by you or anyone acting in your behalf to have first hand knowledge of the facts and circumstances regarding the facts alleged in the Complaint and in your Answer to the Complaint; and have any other knowledge of discoverable facts regarding this case.

### INTERROGATORY NUMBER 2:

Please state the facts possessed by each person listed in your response to Interrogatory Number 1 next above to the extent either known by you, revealed to you, your attorneys, or during the investigation conducted by or on behalf of you or your attorneys.

**EXHIBIT B**

FILED
ROBERT COLEMAN, CIRCUIT CLERK
JUN 30 2015
BY _____ D.C.

## INTERROGATORY NUMBER 3:

Are you or your attorney aware of the existence of any written or recorded statement(s) made by or for any party or witness pertaining to the facts of this case? Is so, please state the a) name of each person making the statement; b) the name, c) employer, d) occupation, e) last known address and f) telephone number of the person or persons taking the statement(s); the name and last known address and telephone number of the person now in possession of the original statement(s) or a copy of it.

## INTERROGATORY NUMBER 4:

With respect to all witnesses whom you will or may call as experts to give opinion testimony in the trial of this matter, please state the name, address and telephone number of each; name, address, and telephone number of his employer or the organization with which he is associated in any professional capacity; the field in which he is to be offered as an expert; a summary of his qualifications in the field in which he is expected to testify; the substance of his opinions, the substance of his qualifications in the field in which he is expected to testify; the substance of the facts to which he is expected to testify and a summary of the grounds of each opinion; the dates of all reports rendered by such experts, for whom prepared and in whose custody at present.

## INTERROGATORY NUMBER 5:

Did you have available to you any insurance which did, does, or might afford you protection and/or indemnity for any damages you may have caused and may be liable for to the Plaintiff in this case? If so, please state the name of the insurance company or companies affording the coverage; whether such coverage is primary, co-equal, secondary,

REQUEST NO. 5: By way of Request for Production of Documents, please attach copies of all exhibits that you intend to introduce into evidence or use for demonstrative evidence or illustrative purposes at the trial of this cause.

Respectfully submitted, this the 25th day of June, 2015.

BOONE LAW FIRM, P. A.

BY: _____
Levi Boone, III, MSB# 3686
Attorney for Plaintiff(s)

BOONE LAW FIRM, P.A.
401 West Sunflower Road
P. O. Box 1772
Cleveland, MS 38732-1772
PH. (662) 843-7946
Fax: (662) 843-7950

## CERTIFICATE OF SERVICE

I, LEVI BOONE, III, Attorney for Plaintiff(s), hereby certify that I have this day mailed, postage prepaid, a true and correct copy of the foregoing and attached Plaintiff(s)' First Set of Interrogatories and Request for Production of Documents to Defendant(s) to the following:

THIS, the 25th day of June, 2015.

_____
LEVI BOONE, III, ESQUIRE